NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANIBAL MATEO, | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OF POLICE, DETECTIVE DANIEL FINDLAY, DETECTIVE STEVEN SELA, DETECTIVE R. CHARON, DETECTIVE ROBERT PLEASANT, PASSAIC COUNTY PROSECUTOR'S OFFICE, PASSAIC COUNTY ASSISTANT PROSECUTOR JOANNE KAMINSKI, PASSAIC COUNTY ASSISTANT PROSECUTOR JAMES F. AVIGLIANO, JOHN DOES 1-10, ABC CORPS. 1-10, | Civil Action No. 2:10-cv-01485 (DMC)(MF) |
| Defendants. | |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

This matter comes before the Court upon four motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. On February 24, 2011 Defendant Detective Steven Sela filed a motion for summary judgment ("Sela Motion"). On March 17, 2011, Defendant Detective R. Charon filed a motion for summary judgment ("Charon Motion"). On March 18, 2011, Defendant Detective Daniel Findlay filed a motion for summary judgment ("Findlay Motion"). On April 8, 2011, Defendants

1

City of Paterson and the Paterson Police Department jointly filed a motion for summary judgment ("Paterson Motion"). The Passaic County Prosecutor's Office, Prosecutor James Avigliano and Assistant Prosecutors Joanne Kaminski and Paul DeGroot adopted and joined the Paterson Motion in lieu of filing their own, pursuant to Local Civil Rule 7.1(d)(4). (Letter Br., April 12, 2011, ECF No. 46). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Defendants' motions are based on the same facts and discuss the same issues. This Court will consider Defendants' four motions for summary judgment jointly. After considering all submissions and based upon the following reasons, it is the decision of this Court, for the reasons herein expressed, that Defendants' motions for summary judgment are **granted**.

**I.    BACKGROUND**

This matter presents civil claims arising out of criminal proceedings against Plaintiff. Plaintiff filed a complaint in this Court on March 23, 2010. (Compl., ECF No. 1). Plaintiff named, as Defendants, the City of Paterson, the Paterson Police Department and the Chief of Police as well as four Detectives: Daniel Findlay, Steven Sela, R. Charon and Robert Pleasant. Plaintiff further brings suit against the Passaic County Prosecutor's Office, Prosecutor James Avigliano and Assistant Prosecutors Joanne Kaminski and Paul DeGroot.

On March 13, 2003, Plaintiff walked into a small convenience store on Marion and Union Avenues in Paterson and noticed a "Paterson Most Wanted" poster (the "Poster") from the Paterson Police Department hanging on the wall. (Mateo Dep., 42:14-7, February 14, 2011). The poster listed that Plaintiff was wanted for armed robbery. (Mateo Dep., 30:2). The same day, Detective R. Charon ("Det. Charon") was driving down Redwood Avenue while Plaintiff was crossing the street. (Mateo Dep., 45:4-5). Det. Charon explained that the police wanted to question Plaintiff regarding the Poster. (Mateo Dep., 45:8-10). Plaintiff willingly got into the back of the car. (Mateo Dep., 45:12-

3). Det. Charon did not handcuff Plaintiff. Id. Plaintiff was placed in a holding cell and processed on several charges the same day. (Mateo Dep., 47).

At the Grand Jury proceeding in July of 2003, Detective Findlay appeared to support the prosecutor's charges. (Mateo Dep., 81:16-25). An Indictment was handed down on July 31, 2003 (the "Indictment"). (Mateo Dep., 93:10). The State moved to dismiss the Indictment against Mateo before the Honorable Ronald G. Marmo, J.S.C. ("Judge Marmo") on August 15, 2009. (Sela Br., Ex. H). Assistant Prosecutor Pringle argued before Judge Marmo and stated that he did not believe that the evidence would show "beyond a reasonable doubt or anything close to it" that Mateo was involved in this robbery.[1] Id. at 17. Judge Marmo agreed that the "the likelihood of a conviction against...Mateo, [was] remote, to say the least." Id. at 18. Judge Marmo found that "the more culpable people [were being prosecuted and]...the State [was] not in a position to prosecute...based on the status of the evidence." Id. Plaintiff spent nineteen months in jail after being arrested on March 13, 2003 before he posted reduced bail. (Mateo Dep., 13:5-8).

Plaintiff previously filed an identical complaint in the District of New Jersey before the Honorable Susan Wigenton, U.S.D.J. on August 23, 2007. Judge Wigenton dismissed the complaint without prejudice to re-filing within twelve months on March 23, 2009.

## II.   STANDARD OF REVIEW

It is well established that this Court is to review the facts underlying a motion for summary judgment in the light most favorable to the Plaintiff. Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 501 (3d Cir.1996); see also, Dowling v. Citizens Bank, 295 Fed.Appx. 499 (3d Cir. 2008).

---

[1] Assistant Prosecutor Pringle appeared at the Dismissal Hearing before Judge Marmo on August 15, 2005 in Passaic County Superior Court - Criminal Part.  Assistant Prosecutor Pringle is not a Defendant in this case.

Summary judgment is appropriate where there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (2008).  A factual dispute is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The moving party is "entitled to judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party's burden on summary judgment is discharged by demonstrating to the court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

### III.   DISCUSSION

**1. Statute of limitations**

The incident and arrest occurred on March 13th, 2003.  The Indictment against Plaintiff was dismissed on August 23rd, 2005.  Plaintiff filed a complaint in the District Court on August 17th, 2007.  That complaint was dismissed by the Honorable Susan D. Wigenton, U.S.D.J. on March 23rd, 2009 in an order which granted Plaintiff a "safe haven" of twelve months within which Plaintiff could re-file an identical complaint free of statute of limitations defenses.  Pursuant to Judge Wigenton's order, Counts Three through Seven are not time-barred and this Court now reaches the merits on those claims.[2]

---

[2] The Court will not reach the merits of Counts One and Two as Plaintiff has conceded that they are barred by the statute of limitations.

**2. Malicious Prosecution**

To prevail on his state claim for malicious prosecution, Plaintiff must establish the following elements: (1) Defendants initiated criminal proceedings; (2) the criminal proceeding ended in Plaintiff's favor; (3) the proceeding was initiated without probable cause; and, (4) Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice. Brenner v. Township of Moorestown, No. 9-219, 2011 WL 1882394, at *15 (D.N.J. May 17, 2011) (citing Cantrambone v. Sydnor, No. 07–1345, 2007 WL 1652295, at *2 (D.N.J. May 29, 2007); see also, Lind v. Schmid, 67 N.J. 255, 262, 337 A.2d 365 (1975)).  To prevail on his federal claim for malicious prosecution, Plaintiff must prove the four aforementioned elements and a fifth addition element, that he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiff's claim fails because proceedings were neither initiated without probable cause nor brought maliciously.  Probable cause in the malicious prosecution context requires the Defendants have belief, upon reasonable grounds of truth, that an offense has been committed at the time the proceedings were put into motion.  Lind v. Schmid, 67 N.J. 255, 263 (1975).  A grand jury indictment establishes probable cause by definition.  Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 251 (3d Cir. 2011) (finding a grand jury indictment established probable cause for purposes of malicious prosecution even where events subsequent to initiation of prosecution tended to exculpate defendant).

Charges were brought upon information and belief that Plaintiff was involved in an armed robbery.  Det. Charon acted reasonably upon the Paterson Police Department's classification of Plaintiff as a "wanted" suspect.  Further, Plaintiff concedes that an acquaintance (that later became a

co-defendant) implicated him in the robbery and, moreover, Plaintiff testified to the acquaintance's admission of the same as basis for his arrest. (Mateo Dep., 52:9-25). Finally, Plaintiff did not object and in fact willingly submitted to being taken in for questioning. Plaintiff has not demonstrated sufficient basis for a finding of malicious intent on the part of Defendants in this case.

Plaintiff's arguments have not surpassed Defendants' motions for summary judgment on Counts Three and Four. The Court finds no genuine issue of material fact as to Plaintiff's malicious prosecution claims.

### 3. Counts Five through Seven

Facts have not been set forth by Plaintiff that tend to prove the claims listed in Counts Five through Seven of Plaintiff's Complaint. These claims involve allegations that Defendants breached standards of care for training, supervision, policies, customs and practices of the law enforcement officers. Plaintiff alleges that Defendants violated Plaintiff's rights as secured by N.J.S.A. § 10:6-2 without, however, linking any fact based conduct to violation of Plaintiff's Constitutional rights. Claims brought under 10:6-2 must allege a specific Constitutional violation - a requirement which Plaintiff has failed to meet in either his Complaint or subsequent pleadings. Matthews v. N.J. Inst. of Tech., 717 F.Supp.2d 447 (D.N.J. 2010). The Court finds no genuine issue of material fact as to Counts Five through Seven.

## IV. CONCLUSION

Plaintiff has not offered sufficient proof to surpass Defendants' four motions for summary judgment. The Court finds no genuine issue of material fact and, therefore, **grants** the Sela, Charon, Findlay and Paterson Motions for summary judgment in favor of Defendants.

       S/ Dennis M. Cavanaugh
       DENNIS M. CAVANAUGH, U.S.D.J.

Date   September 30, 2011
cc:     All counsel of record
        Hon. Mark Falk, U.S.M.J.